IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LILIA GALLEGOS,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,[1]<br>    Defendant. | §<br>§<br>§<br>§<br>§      No.  EP-13-CV-349-ATB<br>§      (by consent)<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **REVERSED** and **REMANDED** for further proceedings.

### I.   PROCEDURAL HISTORY

On January 21, 2010, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of March 15, 2008. (R. 156, 160). Her applications were denied initially and denied

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

No. EP-13-CV-349-ATB                    1

upon reconsideration. (R. 72, 82). Plaintiff filed a request for a hearing, which was held on January 12, 2012. (R. 41-67, 100). The Administrative Law Judge ("ALJ") issued a decision on June 21, 2012, denying benefits. (R. 27-35). Subsequently, the Appeals Council denied review. (R. 1-4).

## II.    ISSUE

Plaintiff presents the following issue for review:

1. Whether the ALJ failed to give Plaintiff's treating physician's opinion the proper weight when determining Plaintiff's residual functional capacity ("RFC"). (Pl.'s Br. 2, ECF No. 22).

Plaintiff contends that the ALJ failed to give the proper weight to Dr. Raul Zayas, Plaintiff's treating physician, when making the RFC determination. (*Id.* at 3-6). Specifically, Plaintiff claims that the ALJ failed to perform an analysis of the six factors stated in 20 C.F.R. §§ 404.1527(c), 416.927(c) prior to rejecting the opinion of Dr. Zayas. (*Id.* at 3-5). Additionally, Plaintiff argues that the medical evidence supports Dr. Zayas' Medical Source Statement ("MSS") and that the ALJ cannot pick and choose the evidence that supports his position. (*Id.* at 4-5). Plaintiff maintains that the ALJ failed to properly consider the entire record and performed his own interpretation of the medical evidence, resulting in an inaccurate RFC determination. (*Id.* at 5-6). Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id.* at 6).

## III.    DISCUSSION

### A.    Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309

F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.     Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had the following severe impairments: aortic aneurysm, atrophic right kidney, mild osteoarthritis, hypertension, mild

thrombocytopenia,[2] and a mood disorder. (R. 29). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments. (R. 30). In doing so, the ALJ determined that Plaintiff's impairment did not meet the criteria of listing 12.04, Affective Disorders. (R. 30-31). After considering the entire record, the ALJ determined that the Plaintiff retained the RFC to perform light work,[3] limited insofar as Plaintiff is limited to work requiring simple, routine, and repetitive tasks and detailed but not complex instructions. (R. 31). The ALJ also stated that Plaintiff can respond appropriately to supervisors, co-workers, and the general public and she can maintain concentration, pace, and persistence at such tasks for two hours at a time. (R. 31). The ALJ further stated that Plaintiff's ability to speak, understand, and read and write in English is limited to a few words. (R. 31). The ALJ then determined that Plaintiff was able to perform her past relevant work as a sewing machine operator. (R. 34). Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision. (R. 35).

### C.   The ALJ's Determination of Plaintiff's Residual Functional Capacity

Plaintiff contends that substantial evidence does not support the ALJ's RFC determination because the ALJ failed to accord the proper weight to Dr. Zayas' opinion and the

---

[2] Thrombocytopenia is defined as "decrease in the number of platelets, such as in thrombocytopenic purpura." *See Dorland's Illustrated Medical Dictionary* 1922 (32d ed. 2012).

[3] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."). Additionally, SSR 83-10 states, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

ALJ was picking and choosing the evidence which best supported his position. (Pl.'s Br. 3-6, ECF No. 22).

Residual functional capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. §404.1545; SSR 96-8p. The responsibility to determine the plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the plaintiff's abilities despite his or her physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is the plaintiff's burden to establish disability and to provide or identify medical and other evidence of her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). The plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

**D.     Analysis**

   **1. The ALJ Failed to Properly Consider the Opinion Evidence**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error. (Pl.'s Br. 3, ECF No. 22). Specifically, Plaintiff maintains that the ALJ

improperly accorded no weight to her treating physician, Dr. Zayas, without performing the analysis required under 20 C.F.R. §§ 404.1527(c), 416.927(c). (*Id.* at 4, citing *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)). Plaintiff contends that the only record that contradicts Dr. Zayas' opinion is from Dr. Terry Collier, the non-examining state agency medical consultant, whose opinion was based on medical records from September 2009 and November 2009 and a function report that stated that Plaintiff took care of her father. (*Id.*) Plaintiff also refers the Court to the medical evidence containing notes of her abdominal aortic aneurysm, chest pain, and back pain. (*Id.* at 5, citing R. 260-61, 371, 374, 376, 398, 400, 442-43, 445-47, 450, 454-56, 459-60, 481-83, 544, 552, 558-60, 562-63, 565, 599-600, 603, 606-07, 609-10, 614-17, 620-21, 623, 626-27, 629, 631, 633). Therefore, Plaintiff contends that the ALJ failed to give Dr. Zayas' opinion proper weight. (*Id.* at 5-6).

The Commissioner responds by arguing that the ALJ properly discounted Dr. Zayas' opinion because 1) Dr. Zayas' findings upon physical examination of Plaintiff were normal and inconsistent with the extreme limitations set forth in the MSS; 2) Plaintiff's impairments were not disabling because they were controlled by medication, only caused mild to moderate pain, or were stable; 3) records from Dr. Carlos Franco, Plaintiff's cardiologist, supported the ALJ's decision; 4) it appeared to the ALJ that Dr. Zayas was leaning over backwards to support Plaintiff's claim for disability; and 5) it was unnecessary for the ALJ to evaluate the six factors required under 20 C.F.R. §§ 404.1527(c), 416.927(c), as Dr. Franco's records provided reliable medical evidence controverting Dr. Zayas' opinion. (Def.'s Br. 4-8, ECF No. 24). Additionally, the Commissioner implicitly argues that the ALJ had good cause to assign little or no weight to Dr. Zayas' opinion because his opinion was conclusory and not supported by the medical

evidence. (*Id.*) Thus, the Commissioner contends that the ALJ properly discounted Dr. Zayas' opinion. (*Id.*)

The treating physician rule provides that "[t]he opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton*, 209 F.3d at 455 (citations omitted). In reviewing the ALJ's opinion, the Court cannot accept a *post-hoc* justification offered by the Commissioner because "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Id.* Moreover, when an opinion is unfavorable to the plaintiff,

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be *sufficiently specific to make clear to any subsequent reviewers* the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p (emphasis added); *see also Staley v. Astrue*, No. 4:12-CV-00184, 2013 WL 2950057, at *4 & n.1 (E.D. Tex. June 13, 2013) (applying SSR 96-2p and holding that the ALJ's failure to explain the weight he gave to the treating physician's opinion constituted error). Additionally, "[t]he ALJ may also reject a treating physician's opinion if he finds, *with support in the record*, that the physician is not credible and is leaning over backwards to support the application for disability benefits." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (emphasis added) (internal quotation marks and citation omitted). Implicit in that statement is that where there is no support in the record to question the treating physician's credibility or to find that the treating physician is leaning over backwards to support the plaintiff's claim for disability, the ALJ is merely speculating and has committed error. *See, e.g.*, *Kelly v. Colvin*, Civ. No. 3:14-CV-01677-P-BK, 2015 WL 1592153, at *7 (N.D. Tex. Apr. 7, 2015) (citing *Sullivan v. Colvin*, Civ. No.

4:12-cv-04033, 2013 WL 2155115, at *5 (W.D. Ark. May 17, 2013) ("[T]here is nothing in the record, nor does the ALJ refer to any evidence which in anyway suggests [the treating doctor's] findings are in some way attributed to sympathy she might have to Plaintiff or were the result of some type of physician/patient tension. To make such a finding is pure speculation on the part of the ALJ."); *Tully v. Colvin*, 943 F. Supp. 2d 1157, 1168 (E.D. Wash. 2013) (rejecting similar language when the ALJ "points to no evidence of actual impropriety" on part of treating doctor); *Trujillo v. Astrue*, No. 1:12-cv-89-BCW, 2013 WL 706270, at *5 (D. Utah Feb. 26, 2013) ("[T]he ALJ's boilerplate statements that [the treating doctor] may have sympathized with the Plaintiff and satisfied her requests for an opinion regarding her disability in order to avoid unnecessary doctor-patient tension constitutes improper speculation and inadequate lay opinion judgment by the ALJ.")).

The Court finds that the ALJ did not properly consider the opinion evidence because the ALJ did not comply with SSR 96-2p when he failed to articulate what weight he assigned to any of the opinion evidence and because the record contains no support for the ALJ's determination that it appeared that Dr. Zayas was leaning over backwards for Plaintiff's claim for disability.[4] After reviewing portions of the medical evidence, the ALJ discussed the opinion evidence presented:

> As for the opinion evidence, I note that Dr. Zayas completed a [MSS] of the claimant['s] ability to do work-related activities (physical) dated December 2011. Dr. Zayas['] records dated September 2011, indicated that an MRI of [Plaintiff's] back showed her back pain was secondary to osteoarthritis. A[] physical examination by Dr. Zayas states that the general findings w[ere] that [Plaintiff] was cooperative, her chest and lung examination found no wheezing, rales or stridor, her cardiovascular showed regular rate and rhythm, no murmurs or gallops. Her musculoskeletal findings showed no[] edema, muscle atrophy and non-tender extremities. In other words everything was normal . . . . *The*

---

[4] As the Court finds that the ALJ's failure to properly consider the opinion evidence controls the disposition of this case, the Court does not address Plaintiff's argument regarding the use of the six-factor test in assigning weight to Dr. Zayas' opinion.

No. EP-13-CV-349-ATB                          8

> *possibilities always exist that a doctor may express an opinion in an effort to assist a patient with whom he sympathizes for one reason or another. Another reality, which should be mentioned, is that patients can be quite insistent and demanding in seeking supportive notes or reports from the physicians, who might provide such a note in order to satisfy their patients['] request and avoid unnecessary doctor, patient tension.  While it is difficult to confirm the presence of such motives*, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case. The other evidence, including the claimant's activities of daily living, indicate that she is not as severely limited as Dr. Zayas' statement reports.

(R. 34 (emphasis added)).

The ALJ's decision does not make clear what weight, if any, he assigned to Dr. Zayas' MSS,[5] even though the ALJ relied on one of Dr. Zayas' examinations to make a determination on the opinion evidence.  Moreover, other than one report of Plaintiff's daily living activities, the ALJ points to no other evidence that demonstrates that Plaintiff is not as limited as Dr. Zayas' MSS concludes.  (R. 34).  While the Commissioner's Brief sets forth several *post-hoc* justifications that may constitute reasons for the ALJ to have discounted Dr. Zayas' opinion, the ALJ's lack of analysis and failure to set forth any reasons in his decision constitutes error.  *See Staley*, 2013 WL 2950057, at *4 (rejecting Commissioner's argument that the ALJ had good cause because the ALJ did not articulate those reasons in his decision).  The ALJ's lack of an explanation regarding Dr. Zayas' opinion supports Plaintiff's position that the ALJ did not properly discount Dr. Zayas' opinion.  Additionally, like the cases mentioned above, the ALJ's statement that it was possible that Dr. Zayas had sympathy for Plaintiff or wanted to avoid tension in his relationship with Plaintiff is entirely speculative and constitutes error.  The Court cannot find, and the ALJ does not set forth, any evidence which insinuates that Dr. Zayas leaned

---

[5] Dr. Zayas found that Plaintiff: 1) could lift ten pounds occasionally; 2) could lift less than ten pounds frequently; 3) could stand and/or walk less than two hours in an eight hour workday; 4) could sit less than six hours in an eight hour workday; 5) was limited in pushing and/or pulling with her upper and lower extremities; 6) could never climb ramps, stairs, ladders, ropes, or scaffolds, balance, kneel, crouch, crawl, or stoop; 7) could reach in all directions occasionally; and 8) was limited by temperature extremes, noise, dust, vibration, humidity/wetness, hazards, and fumes, odors, chemicals, and gases. (R. 545-48)

over backwards to support Plaintiff's application for disability. The Court further finds that it is entirely unclear how much weight the ALJ placed on Dr. Zayas' possible ulterior motives in failing to accord Dr. Zayas' opinion any weight.

In light of these errors, which could have amounted to a different RFC determination, the Court finds that it is not inconceivable that a different administrative conclusion would have been reached absent the error. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). Therefore, the Court finds that the case should be remanded for further proceedings.

### 2. Plaintiff's Remaining Points of Error

As the Court finds that this case should be remanded for reconsideration based on the ALJ's error in failing to specify what weight was accorded to Dr. Zayas' opinion evidence, it will not review Plaintiff's remaining claims. On remand, Plaintiff can raise any remaining issues before the ALJ. 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

### IV.   CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings.

**SIGNED** and **ENTERED** this 18th day of February, 2016.

_____
**ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE**